Matter of Tenenbein v New York City Dept. of Educ. (2019 NY Slip Op 08940)





Matter of Tenenbein v New York City Dept. of Educ.


2019 NY Slip Op 08940


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10558 101588/15

[*1] In re Alexander Tenenbein, Petitioner-Appellant,
v
New York City Department of Education, et al., Respondents-Respondents, City of New York, Respondent.


The Law Offices of Richard J. Washington, New York (Richard J. Washington of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Judgment, Supreme Court, New York County (Lucy Billings, J.), entered February 15, 2018, to the extent appealed from as limited by the briefs, denying the petition to annul the determination of respondent Department of Education, dated April 27, 2015, which terminated petitioner's probationary employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to show that his dismissal was in bad faith, as the record demonstrates a history of poor work performance, including tardiness to meetings, insubordination, and ineffective teaching methods (see Matter of Almonte v Department of Educ. of City of N.Y., 132 AD3d 505 [1st Dept 2015]; Matter of Soto v Koehler, 171 AD2d 567, 568 [1st Dept 1991], lv denied 78 NY2d 855 [1991]). There is no support for petitioner's argument that the unfavorable classroom observations of him were "subjective and meritless," and his claims regarding Civil Service Law § 75-b fail because respondent demonstrated an independent basis supporting the discontinuance of petitioner's probationary employment (see Roens v New York City Tr. Auth., 202 AD2d 274, 275 [1st Dept 1994]).
Petitioner further fails to show that any conduct or comments by respondent's staff members were based on his alleged learning disability. The comments made by staff members did not reference his disability (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 308 [2004]). Since petitioner failed to state a claim under the New York City Human Rights Law, his discrimination claims also fail under the federal and state anti-discrimination laws (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 46 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK